## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND
### Southern Division

TRUSTEES OF THE BRICKLAYERS LOCAL 1 OF )
MD, VA AND DC HEALTH AND WELFARE FUND, )
TRUSTEES OF THE MARBLE, TILE AND )
TERRAZZO WORKERS INDIVIDUAL ACCOUNT )
FUND, TRUSTEES OF THE BRICKLAYERS )
LOCAL 1 APPRENTICESHIP AND TRAINING FUND )
AND TRUSTEES OF THE BALTIMORE )
BRICKLAYERS PENSION FUND )
6009 Oxon Hill Road, Suite 416 )
Oxon Hill, MD  20745 )
                                          )
and                                       )
                                          )
TRUSTEES OF THE INTERNATIONAL MASONRY )
INSTITUTE AND TRUSTEES OF THE )
BRICKLAYERS TROWEL TRADES PENSION FUND )
620 F Street, NW )
Washington, DC  20004, )
                                          )
and                                       )
                                          )
TRUSTEES OF THE MASONRY, STONE, MARBLE )
TILE, AND TERRAZZO COMMUNICATION, )
PRESERVATION AND PRODUCTIVITY FUND, )
TRUSTEES OF BRICKLAYERS LOCAL 1 OF MD, VA )
& DC PREVAILING WAGE AND INDUSTRY )
COMPLIANCE TRUST FUND AND BRICKLAYERS )
LOCAL 1 OF MD, VA & DC )
5879 Allentown Road )
Camp Springs, MD  20746 )
                                          )
                    Plaintiffs,           )
                                          )
          v.                              )        **C.A. NO.:**

BRADFORD OTT d/b/a HUNTER ALLIED OF          )
MARYLAND INC.                                )
521 Tidewater Cove                           )
Berlin, MD  21811                            )
                                             )
Serve:    Bradford Ott                       )
          521 Tidewater Cove                 )
          Berlin, MD  21811                  )
                                             )
and                                          )
                                             )
HUNTER ALLIED OF MARYLAND INC.               )
521 Tidewater Cove                           )
Berlin, MD  21811                            )
                                             )
Serve:    Bradford Ott, President            )
          521 Tidewater Cove                 )
          Berlin, MD  21811                  )
                                             )
and                                          )
                                             )
BRADFORD OTT                                 )
521 Tidewater Cove                           )
Berlin, MD  21811                            )
                                             )
Serve:    Bradford Ott                       )
          521 Tidewater Cove                 )
          Berlin, MD  21811                  )
                                             )
                          Defendants.        )

## COMPLAINT

### (ACTION TO COMPEL AN AUDIT AND SEEKING AMOUNTS DUE TO EMPLOYEE BENEFIT FUNDS PURSUANT TO A COLLECTIVE BARGAINING AGREEMENT)

### PARTIES

1.      Plaintiff Bricklayers Local 1 of MD, VA and DC Health and Welfare Fund, Trustees

of the Marble, Tile and Terrazzo Workers Individual Account Fund, Trustees of the Bricklayers

Local 1 Apprenticeship and Training Fund, and the Trustees of the Baltimore Bricklayers Pension

Fund (hereinafter collectively referred to as the "Local Funds") are employee benefit plans as that

term is defined in Sections 3(1) and 3(3) of the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. §§ 1002(1) and (3). The Local Funds are multiemployer plans as that term is

defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Local Funds are established and

maintained in accordance with their respective Agreements and Declarations of Trust. The Local

Funds are administered at 6009 Oxon Hill Road, Suite 416, Oxon Hill, Maryland. Plaintiffs are the

Trustees of the Funds designated in accordance with the Agreements and Declarations of Trust.

The Trustees are fiduciaries as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.      Plaintiff Bricklayers and Trowel Trades Pension Fund (hereinafter "IPF") is an

employee benefit plan as that term is defined in Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The

IPF is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. §

1002(37). The IPF is established and maintained in accordance with its Agreement and Declaration

of Trust. The IPF is administered at 815 15th Street NW, Washington, DC. The Trustees are

fiduciaries as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.      Plaintiff International Masonry Institute (hereinafter "IMI") is an employee benefit

plan as that term is defined in Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The IIMI is a

multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

The International Masonry Institute is established and maintained in accordance with its

Agreement and Declaration of Trust. The IMI is administered at 620 F Street, NW, Washington

DC 20004. The Board of Trustees is a designated fiduciary in accordance with the International

Masonry Institute's Agreement and Declaration of Trust and as defined in Section 3(21) of

ERISA, 29 U.S.C. § 1002(21).

4.      Plaintiff Masonry, Stone, Marble, Tile, and Terrazzo Communication, Preservation

and Productivity Fund (hereinafter "CPP Fund") is a labor-management cooperation committee as

3

provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9) and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a.  The CPP Fund is established and maintained in accordance with its Agreement and Declaration of Trust.   The CPP Fund is administered at 5879 Allentown Road, Camp Springs, Maryland.   The Board of Trustees is a designated fiduciary in accordance with the CPP Fund's Agreement and Declaration of Trust.

5.       Plaintiff Bricklayers Local 1 of MD, VA and DC Prevailing Wage and Industry Compliance Trust Fund (hereinafter "Compliance Fund") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9) and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a.   The Compliance Fund is established and maintained in accordance with its Agreement and Declaration of Trust.   The Compliance Fund is administered at 5879 Allentown Road, Camp Springs, Maryland.   The Board of Trustees is a designated fiduciary in accordance with the Compliance Fund's Agreement and Declaration of Trust.

6.       Plaintiff Bricklayers and Allied Craftworkers Local #1 of MD, VA & DC (hereinafter "Local 1") is a labor organization as that term is defined in Section 2(5) of the Labor-Management Relations Act, 29 U.S.C. § 152(5).  Local 1 is an affiliate of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO.   Local 1 maintains offices at 5879 Allentown Road, Camp Springs, Maryland 20746.  Local 1 has jurisdiction over the work of journeymen and apprentice brick masons throughout the metropolitan Washington, D.C. area, the state of Maryland and the Commonwealth of Virginia.

7.       Defendant Bradford Ott is an individual doing business as Hunter Allied of Maryland Inc. and existing under the laws of the State of Maryland with offices located in

4

Maryland. Defendant transacts business in the State of Maryland as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

8.      Defendant Hunter Allied of Maryland Inc. and existing under the laws of the State of Maryland was a corporation with offices located in Maryland; however, Defendant's corporate charter is no longer in good standing. Defendant transacts business in the State of Maryland as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

9.      Defendant Bradford Ott is an individual transacting business under the laws of the State of Maryland with offices located in Maryland. Defendant transacts business in the State of Maryland as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## JURISDICTION AND VENUE

10.     This is an action for, among other things, breach of a collective bargaining agreement between an employer and a labor organization representing employees in an industry affecting commerce and to collect contributions due to employee benefit plans under the terms of a collective bargaining agreement.  This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C.  §§ 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. § 185, and under 28 U.S.C. § 1367.

11.     Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. §§ 185(a) and (c), as the district where the Plan is administered, where the breach occurred, and where the Defendants may be found.

12.     This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. §§ 185(a) and (c).

## COUNT I

13.     Defendants are signatory to a collective bargaining agreement with Local 1 which governs the wages, benefits and terms and conditions of employment of all apprentice and journeymen bricklayers employed by the employer.  Defendants, through its collective bargaining agreement, was also bound by the Agreements and Declarations of Trust establishing the Local Funds, the IMI, the IPF, the Compliance Fund and the CPP Fund (hereinafter collectively referred to as "the Benefit Funds").

14.     Defendants, pursuant to the terms of their collective bargaining agreement, are also

6

bound by the Agreements and Declarations of Trust establishing the Benefit Funds.

15.     During the months of January 2017 through the present, Defendants employed employees performing the work of the apprentice and journeymen bricklayers.

16.     Pursuant to the terms of the Collective Bargaining Agreement and the Agreements and Declarations of Trust establishing the Benefit Funds to which Defendants are bound by virtue of the Local 1 Collective Bargaining Agreement, Defendants must provide monthly remittance reports setting forth the hours worked by its employees performing the work of the journeymen and apprentice bricklayers.

17.     The Local 1 collective bargaining agreement provides that for every hour worked by an employee performing the work of the journeymen and apprentice bricklayer, contributions must be made to the Benefit Funds and for wage deductions, inclusive of dues check-off, to be paid to Local 1. Payment of said amounts must be provided on a monthly basis.

18.     Defendants have failed to make contributions and dues check-off due to the Benefit     Funds     for     the     months     of     March     2018     through April 2018. In addition, the Defendants have failed to submit report forms for these months.

19.     Pursuant to the Agreements and Declarations of Trust establishing the benefit funds, when an employer fails to remit required contributions and reports, the Trustees may estimate the amount owed on the basis of reports received and/or paid.

20.     Using report forms submitted for the last three (3) months for which reports were submitted, the projected delinquency for the months of March 2018 through April 2019 is $34,330.80 calculated as follows:

These amounts were estimated pursuant to the Trust Agreements as follows:

| **Month** | **Hours** |
|---|---|
| March 2018 | 184.0 |
| April 2018 | 157.0 |
| May 2018 | 208.0 |
| **Average Monthly Hours:** | 183.0 |

**Rates in Effect**

| | |
|---|---|
| Health & Welfare | $6.00 |
| Apprentice & Training Fund | $0.15 |
| Pension | $3.32 |
| Individual Account Fund (annuity) | $0.18 |
| International Pension Fund | $1.13 |
| International Masonry Institute | $0.43 |
| Communication, Preservation and Productivity | $0.07 |
| Compliance Trust Fund | $0.10 |
| Bricklayers Local 1 of MD, VA and DC | $1.59 |
| International Union of Bricklayers and Allied Craftworkers | $0.43 |

21.     Defendants' contributions and dues check-off owed for the months of March 2018 through April 2019 are late as set forth on Exhibit A.

22.     Pursuant to the terms of the various Agreements and Declarations of Trust establishing the Benefit Funds, the Defendant is obligated to pay liquidated damages and interest on late contributions as follows:  Liquidated damages of 20% of the total late contributions owed to the IPF; liquidated damages of 10% of total contributions owed or $20.00, whichever is greater, plus interest assessed at the rate of 6% per annum assessed on late contributions to the Local Pension Fund; liquidated damages of 20% of total contributions owed and interest assessed at the rate of 10% per annum assessed on late contributions to the Annuity Fund; liquidated damages of 20% of total contributions owed, plus interest assessed at the rate of 18% per annum on contributions owed

8

to the Apprenticeship Fund and liquidated damages of 20% of total contributions owed, plus interest assessed at the rate of 10% per annum on contributions owed to the Welfare Fund.

23.     The Defendant owes the Benefit Funds liquidated damages in the amount of $4,673.09 and interest in the amount of $1,320.98 assessed on late contributions owed for the period of March 2018 through April 2019 as set forth on the breakdown of amounts owed.

**WHEREFORE**, in Count I, Plaintiff Funds pray judgment against the Defendants Bradford Ott d/b/a Hunter Allied of Maryland Inc., Hunter Allied of Maryland Inc. and Bradford Ott, jointly and severally, as follows:

A.     In the amount of $34,330.80 for contributions and dues check-off owed for work performed in March 2018 through April 2019, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

B.     In the amount of $4,673.09 for liquidated damages and $1,320.98 in interest assessed on the late contributions for the months of March 2018 through April 2019, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

C.     For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

D.     For such further relief as the Court may deem appropriate.


## COUNT II

24.     Plaintiffs hereby adopt, incorporate, and restate in Count II paragraphs 13 through 17 of Count I.

9

25.     Pursuant to the Collective Bargaining Agreement, and the Agreements and Declarations of Trust establishing the Benefit Funds, the Trustees have the authority to conduct an audit of the payroll and wage records of the Defendants for the purposes of determining the accuracy of contributions to the Funds.

26.     The Benefit Funds are seeking an Order compelling an audit of the Defendants so that they may determine the amounts due to the Benefit Funds for the period of January 1, 2017 through the date of the audit.

27.     Pursuant to the above-mentioned Collective Bargaining Agreement and Agreements and Declarations of Trust establishing the respective Benefit Funds, the Defendants are required to submit records to the Benefit Funds so that an audit may be conducted for the period of January 1, 2017 through the date of the audit.

28.     The Agreements and Declarations of Trust establishing the Benefit Funds provide that an Employer that fails to pay contributions in a timely fashion shall be liable for liquidated damages, interest on the amounts owing and for all expenses incurred in enforcing payment of the contributions due, including but not limited to reasonable attorneys' fees, accountant's fees, and court costs.

**WHEREFORE**, in Count II, Plaintiff Funds pray judgment against the Defendants Bradford Ott d/b/a Hunter Allied of Maryland Inc., Hunter Allied of Maryland Inc. and Bradford Ott, jointly and severally, as follows:

A.     That this Court enforce the terms of the Agreements and Declarations of Trust and order Defendants to permit a complete audit of their wage and payroll records, as provided

for in the Agreements and Declarations of Trust for the period of January 1, 2017 through the date of the audit.

      B.    That Plaintiffs have Judgment against Defendants for the amount determined as owing by the audit requested in paragraph A, plus liquidated damages, interest from the date of any delinquency until the date of payment, costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement and the Agreements and Declarations of Trust establishing the Benefit Funds.

      C.    That Plaintiffs have Judgment against Defendants for all expenses, including accountant's fees, related to the audit of its payroll and wage records, pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement and the Agreement and Declaration of Trust establishing the Benefit Funds.

      D.    For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C.  20015
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com


By:_____/s/_____
    Charles W. Gilligan
    Maryland Bar No. 05682

    Attorneys for Plaintiffs

328389_1

11

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 27th day of June, 2019 on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC: TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
> Attention:  Employee Plans

> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC  20210
> ATTENTION:  Assistant Solicitor for
>       Plan Benefits Security

/s/
Charles W. Gilligan

328389_1